**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000881
30-APR-2021
08:03 AM
Dkt. 74 SO**

NO. CAAP-19-0000881

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
TELEA TUASIVI, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-18-0001796)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Telea Tuasivi, Jr. (**Tuasivi**), appeals from the Judgment of Conviction and Sentence entered on November 29, 2019, by the Circuit Court of the First Circuit (**Circuit Court**).[1]  On September 11, 2019, a jury convicted Tuasivi of Continuous Sexual Assault of a Minor Under the Age of Fourteen Years in violation of Hawaii Revised Statutes (**HRS**) § 707-733.6 (2014).[2]  Tuasivi was sentenced to an indeterminate

---

[1]  The Honorable Paul B.K. Wong presided.

[2]  HRS § 707-733.6 provides in relevant part:

> **§707-733.6  Continuous sexual assault of a minor under the age of fourteen years.**  (1) A person commits the offense of continuous sexual assault of a minor under the age of fourteen years if the person:
> > (a)  Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
> > (b)  Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, while the minor is under the age of fourteen years.

term of imprisonment of twenty years, with credit for time served.

Tuasivi's contention on appeal is that the Circuit Court erred in admitting the testimony of Alexander Jay Bivens, Ph.D. (**Dr. Bivens**), *in toto*.  Tuasivi further asserts that, assuming, *arguendo*, Dr. Bivens' testimony was admissible, the Circuit Court erred in admitting testimony that was irrelevant, misleading, and prejudicial.

We conclude the Circuit Court did not err and therefore we affirm.

"Generally, the decision whether to admit expert testimony rests in the discretion of the trial court.  To the extent that the trial court's decision is dependent upon interpretation of court rule[s], such interpretation is a question of law, which [the appellate] court reviews de novo."  State v. Engelby, 147 Hawaiʻi 222, 231, 465 P.3d 669, 678 (2020) (quoting State v. McDonnell, 141 Hawaiʻi 280, 289, 409 P.3d 684, 693 (2017)).

Appellate courts apply the right/wrong standard in reviewing challenges to a court's relevancy decisions.  State v. Lora, 147 Hawaiʻi 298, 307, 465 P.3d 745, 754 (2020); State v. Kony, 138 Hawaiʻi 1, 8, 375 P.3d 1239, 1246 (2016).  "Evidentiary decisions based on HRE Rule 403,[3] which require a 'judgment call' on the part of the trial court, are reviewed for an abuse of discretion."  Kony, 138 Hawaiʻi at 8, 375 P.3d at 1246 (quoting State v. Richie, 88 Hawaiʻi 19, 37, 960 P.2d 1227, 1245 (1998) (footnote omitted)).

(1) Tuasivi argues that the Circuit Court erred in allowing Dr. Bivens' testimony *in toto*.  However, the propriety of Dr. Bivens' testimony regarding, *inter alia*, delayed and

---

[3]  HRE Rule 403 (2016) provides:

> **Rule 403  Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time**.  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

incomplete reporting by children of sexual abuse, tunnel memory, and behaviors of child sexual assault victims, has been challenged but held by the Hawaiʻi Supreme Court to be relevant and admissible under similar circumstances.  See Engelby, 147 Hawaiʻi at 234, 465 P.3d at 681 (holding testimony about delayed reporting, tunnel memory, and children's reactions to sexual assault events was helpful and relevant to the jury); McDonnell, 141 Hawaiʻi at 292, 409 P.3d at 696 (holding testimony about delayed reporting, tunnel memory, and incomplete disclosure was relevant under State v. Batangan, 71 Haw. 552, 799 P.2d 48 (1990)); Kony, 138 Hawaiʻi at 8-9, 375 P.3d at 1246-47 (holding testimony about delayed reporting by children of sexual abuse was relevant and admissible).

Therefore, Tuasivi's argument that Dr. Bivens' testimony as a whole should have been precluded is without merit.[4]

(2) Tuasivi further asserts that assuming, *arguendo*, Dr. Bivens' testimony was admissible, the Circuit Court nonetheless erred in admitting testimony that was irrelevant, misleading, and prejudicial.  We disagree.

> [T]he touchstones of admissibility for expert testimony under HRE Rule 702[5] are relevance and reliability.  The relevance requirement primarily

---

[4]  We note Tuasivi also argues for the first time on appeal that the Circuit Court erred in admitting Dr. Bivens' testimony because it was unreliable under HRE Rule 702.  However, Tuasivi did not argue unreliability in his motion in limine, and he does not point to anywhere else in the record where he allegedly raised this issue.  See Rule 28(b)(4) of the Hawaiʻi Rules of Appellate Procedure (Points of error must state where in the record the alleged error was objected to or brought to the attention of the court). This issue is waived.

[5]  HRE Rule 702 (2016) provides:

> **Rule 702 Testimony by experts**.  If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.  In determining the issue of assistance to the trier of fact, the court may consider the trustworthiness and validity of the scientific technique or mode of analysis employed by the proffered expert.

> stems from the precondition in FRE Rule 702[6] that the evidence or testimony assist the trier of fact to understand the evidence or to determine a fact in issue.  The trial judge must determine, then, whether the proffered expert evidence will indeed accomplish that purpose.  The reliability requirement refers to evidentiary reliability — that is trustworthiness.  Under this prong, admission of expert evidence is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his or her discipline.  In this context, the trial court is assigned the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.

Vliet, 95 Hawaiʻi at 106, 19 P.3d at 54 (format altered) (brackets, citations, and internal quotation marks omitted).  The Hawaiʻi Supreme Court in Batangan recognized that cases dealing with sexual abuse of children "are difficult to prosecute because of the young age of many of the victims and the absence of eyewitnesses."  71 Haw. at 555, 799 P.2d at 51 (citations omitted).  Moreover,

> [c]hild victims of sexual abuse have exhibited some patterns of behavior which are seemingly inconsistent with behavioral norms of other victims of assault.  Two such types of behavior are delayed reporting of the offenses and recantation of allegations of abuse.  Normally, such behavior would be attributed to inaccuracy or prevarication.  In these situations it is helpful for the jury to know that many child victims of sexual abuse behave in the same manner.  Expert testimony exposing jurors to the unique interpersonal dynamics involved in prosecutions for intrafamily child sexual abuse may play a particularly useful role by disabusing the jury of some widely held misconceptions ... so that it may evaluate the evidence free of the constraints of popular myths[.]

Id. at 557-58, 799 P.2d at 51-52 (format altered) (citations and internal quotation marks omitted).  The pertinent consideration is whether the expert testimony will assist the jury without unduly prejudicing the defendant.  Id. at 558, 799 P.2d at 52.  The Hawaiʻi Supreme Court cautioned against wholesale admission of expert testimony in child sexual abuse cases based on their "aura of special reliability and trustworthiness," especially with regard to witness credibility, in which case expert testimony is inappropriate.  Id. at 556-57, 799 P.2d at 51 (citations omitted).

_____

6  HRE Rule 702 is modeled on Federal Rules of Evidence (**FRE**) Rule 702.  State v. Vliet, 95 Hawaiʻi 94, 105, 19 P.3d 42, 53 (2001).

4

(2a) Tuasivi asserts that delayed disclosure "is no longer a mysterious phenomenon necessitating explanation." However, as the prevailing case authority establishes, Dr. Bivens' testimony was relevant to explain why the complaining witness, AT, did not want to tell any adult that since August 2016 when AT was thirteen years old and starting the eighth grade, Tuasivi was touching her.  AT testified she "was always afraid of people not believing [her]," and "our family was really close, and something like this would have had a great outburst, which it has."  Around the middle of the school year, AT told her friend, KD, about the touching, but told KD she did not want anyone to know, including her parents.  Towards the end of the school year, KD told a teacher or a counselor at the school.  A school counselor then spoke with AT after KD reported what was happening to AT.  AT testified she did not disclose to the counselor all the things that Tuasivi did to her because she was not comfortable telling someone she hardly knew.  The counselor then contacted AT's mother, which lead to AT telling her mother.

Tuasivi argues that AT's age, articulate nature, and explanations rendered Dr. Bivens' testimony unhelpful to the jury.  We disagree.  In Kony, the Minor was fifteen years old at the time of the alleged sexual assaults and did not disclose the abuse to her mother until a few days after the last incident of abuse, when Minor and mother had an argument.  138 Hawai'i at 3, 4, 375 P.3d at 1241, 1242.  Since "delayed reporting of the offenses" is the type of behavior that could be misconstrued by a jury, McDonnell, 141 Hawai'i at 292, 409 P.3d at 696, we conclude the Circuit Court did not err in admitting as relevant Dr. Bivens' testimony on delayed disclosure.[7]

Tuasivi asserts that the Circuit Court also erred in permitting Dr. Bivens' testimony about studies on children who had been diagnosed with sexually transmitted diseases but denied

---

[7]  Tuasivi has waived any argument that Dr. Bivens' testimony that children who tell are more likely to be adolescents was a comment on the ultimate issue of AT's credibility, because Tuasivi failed to object at trial. "Failure to object to admission of evidence at trial will waive the point on appeal."  State v. Baxley, 102 Hawai'i 130, 148, 73 P.3d 668, 686 (2003) (citations omitted).

having had sexual contact, and studies of children who were videotaped being sexually abused but did not disclose the abuse (**the studies**), because these studies were irrelevant and their probative value was substantially outweighed by the danger of unfair prejudice pursuant to HRE Rule 403.  We disagree that the studies were irrelevant because they were part of Dr. Bivens' testimony about children not disclosing sexual abuse, even in circumstances where it was clear they had been abused.  Lack of disclosure or delayed disclosure was relevant and admissible in this case.  Moreover, Tuasivi did not object to testimony about the studies as being prejudicial under HRE Rule 403, and thus that argument is waived.

(2b) Tuasivi asserts that Dr. Bivens' testimony about tunnel memory was not relevant and improperly bolstered AT's credibility.  To the contrary, this testimony was relevant where AT testified about certain incidents of sexual abuse by Tuasivi that stood out to her, but she could not remember all of the details.  Since testimony regarding tunnel memory would assist the jury in evaluating why "certain things get to be blurred[,]" McDonnell, 141 Hawaiʻi at 292, 409 P.3d at 696, the Circuit Court did not err in admitting as relevant Dr. Bivens' testimony on tunnel memory.

As for improper bolstering, the Hawaiʻi Supreme Court recognized that an expert generally may not testify as to the credibility of a witness, and that "conclusory [expert] opinions that abuse did occur and that the child victim's report of abuse is truthful and believable is of no assistance to the jury, and therefore, should not be admitted."  Batangan, 71 Haw. at 558, 799 P.2d at 52.  Here, Dr. Bivens did not testify as to the credibility of AT, nor did he opine that abuse occurred at all in this case.  Dr. Bivens' testimony was relevant and helpful to the jury and neither usurped the function of the jury nor resulted in undue prejudice.  Engelby, 147 Hawaiʻi at 235, 465 P.3d at 682.  Any risk of prejudice in admitting Dr. Bivens' testimony was reduced when the jury was instructed that because a witness expressed an opinion does not obligate it to accept the opinion.  Moreover, the State did not comment on Dr. Bivens' testimony in

its closing argument or rebuttal.  The Circuit Court did not err in admitting Dr. Bivens' testimony on tunnel memory.

(2c) Tuasivi contends Dr. Bivens' testimony on intrafamily dynamics and incest was irrelevant and prejudicial. However, we conclude the Circuit Court did not abuse its discretion in ruling that since Tuasivi faced a charge of continuous sexual assault of a minor under the age of fourteen, the risk of prejudice from Dr. Bivens' testimony on these subjects did not outweigh the probative value.  There was testimony indicating that AT's relationship with Tuasivi, who was like a second father to AT and whose family was close with AT and her mother, influenced AT's desire not to disclose to an adult because she did not want to ruin Tuasivi's relationship with his children or affect her family circumstances.  The Circuit Court did not err in admitting Dr. Bivens' testimony in this area.

Lastly, Tuasivi argues that the Circuit Court's errors prejudiced Tuasivi's defense in depriving him of his rights to due process, an impartial jury, confrontation, and fair trial in violation of the U.S. Const. amends. V and XIV, and Haw. Const. art. I, §§ 5 and 14.  Tuasivi did not assert constitutional claims in the circuit court and has, thus, failed to preserve them for appellate review.  "As a general rule, if a party does not raise an argument [at the circuit court level], that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."  Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007) (quoting Kemp v. State of Hawaiʻi Child Support Enforcement Agency, 111 Hawaiʻi 367, 391, 141 P.3d 1014, 1038 (2006) (citations omitted)); see also Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(iii) (2007) (noting that an appellant's opening brief shall state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency"); HRS § 641-2 (2016) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."). Consequently, Tuasivi's constitutional argument has not been preserved for appeal and we do not address it.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence entered on November 29, 2019, by the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 30, 2021.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge